UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE LUIS VALIDO CHAVEZ,

      Petitioner,

    v.                                         Case No.:  2:26-cv-01233-SPC-DNF

MATTHEW MORDANT *et al.*,

      Respondents,

                             /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Jorge Luis Valido Chavez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 8), and Valido Chavez's reply (Doc. 10).

Valido Chavez is a native of Cuba who entered the United States in 2007 and later became a lawful permanent resident.  On March 22, 2010, Valido Chavez was convicted of burglary and related charges and sentenced to three years of probation.  An immigration judge ordered him removed to Cuba on April 11, 2011.  Immigration and Customs Enforcement ("ICE") detained Valido Chavez from April 21, 2011, to July 20, 2011, when it released him on an order of supervision.  Since then, Valido Chavez has complied with all terms of supervision and has committed no crimes.

Valido Chavez reported to ICE for a check-in appointment on February 11, 2026, and ICE allowed him to remain free under the order of supervision.

Then on February 24, 2026, local police arrested Valido Chavez at a gas station with no explanation and turned him over to ICE.  ICE did not give him written notice of the reason for his detention or an opportunity to address the reason in an informal interview.

Valido Chavez claims his detention violates his due-process rights because the government did not provide an explanation for his detention or an opportunity to contest it.  In response, the government challenges the Court's jurisdiction and defends detention under the *Zadvydas* framework, but it does not claim ICE afforded Valido Chavez due process when it arrested and detained him.

Valido Chavez's detention is unlawful because ICE detained him without due process.  The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).  Courts looks to three factors

when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh heavily in Valido Chavez's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. The government's actions gave Valido Chavez no opportunity to contest the reasonableness of his detention. ICE did not give Valido Chavez notice of the reason for his detention or an opportunity to address it. What is more, the Court recognizes significant value in the safeguards established by 8 C.F.R. § 241.4(l) and § 241.13(i), the regulations governing revocation of orders of supervision. Those safeguards include contemporaneous notice of the reason for revocation and a prompt informal interview to address the reason. Neither occurred here. Without notice and an interview, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the laws enacted by Congress. Third, while the government has a legitimate interest in

executing removal orders, ICE does not show how timely compliance with § 241.4(l) or § 241.13(i)'s notice and interview procedures would have burdened that interest.  It is too late for ICE to afford Valido Chavez due process within the time period contemplated by the applicable regulations, so release is the only appropriate remedy.

Accordingly, it is hereby **ORDERED:**

Jorge Luis Valido Chavez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Valido Chavez within 24 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on July 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record